**LEASIOLAGI, TAGATA, MAPUILEFALA TAVETE, PUAPUAGA L. VAGI, T. F. SOLAITA, all of Nu'uuli, Plaintiffs**

**v.**

**FAUMUI of Faganeanea, Defendant**

No. 13-1954

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Title: "Levu" of Nu'uuli]

May 9, 1956

---

OPINION AND DECREE

Heard at Fagatogo on March 29, 30 and April 2, 1956 before MORROW, *Chief Judge,* and MALEPEAI and LETULIGASENOA, *Associate Judges.*

S. Lutu, counsel for Leasiolagi.

T. F. Solaita and Punefu Paogofie, counsel and assistant
counsel respectively, for Tagata.

R. S. Tago, counsel for Mapuilefala Tavete.

Fuaimamao, counsel for Puapuaga L. Vagi.

Malaetia, counsel for Faumui.

OPINION OF THE COURT

MORROW, *Chief Judge.*

On June 14, 1954 Faumui of Faganeanea filed his appli-
cation with the Registrar of Titles to be registered as the
holder of the matai name Levu of Nu'uuli. Within the
thirty-day limit prescribed by law (See Sec. 931 of the A. S.
Code) objections to the proposed registration were filed
by Leasiolagi, Tagata, Mapuilefala Tavete, Puapuaga L.
Vagi and T. F. Solaita, respectively, each of the five ob-
jectors becoming a candidate for the name. Hence this liti-
gation. See Sec. 932 of the A. S. Code.

At the outset of the hearing objector T. F. Solaita with-
drew his objection and ceased to be a candidate. He was
thereupon dismissed as a party to the case.

Sec. 926 of the Code as amended prescribes the qualifica-
tions for holding a matai title. The evidence clearly showed
that each of the remaining candidates possesses these quali-
fications and is, therefore, eligible for registration as the
holder of a matai title.

Sec. 933 of the Code as amended prescribes the law
which the Court must follow in determining which of the
eligible opposing candidates shall be registered as the
holder of a matai title. It reads as follows:

*"Consideration Given by Court:* In the trial of matai name
cases, the High Court shall be guided by the following in the priority
listed:

(a) The best hereditary right in which the male and female de-

236

scendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail;

(b) The wish of the majority or plurality of the family;

(c) The forcefulness, character, personality and capacity for leadership of the candidate;

(d) The value of the holder of the matai name to the Government of American Samoa."

We shall first consider the factor of hereditary right. Applicant Faumui testified that he is the great-great grandson of Levu Leo'o and that he had $1/16$ Levu blood. A number of witnesses (among them Tagata, Puapuaga and Gaulua, who are admittedly Levu Family members) testified that according to the tradition in the Levu Family there was no Levu Leo'o. Of course no witness testified that he had even seen a Levu Leo'o. If there was any such person he must have lived many years before the establishment of the Government in 1900 in order to have a great-great grandson 54 years old as is Faumui. The testimony of Faumui purported to be based upon tradition only (and tradition is hearsay) and not upon actual knowledge. We believe that the weight of the evidence is clearly to the effect that there was no Levu Leo'o and that candidate Faumui has no Levu blood in his veins, and, therefore, has no hereditary right, and we so find. We believe from the evidence that Faumui is an adopted member and not a blood-member of the Levu Family.

Leasiolagi is the great-great grandson of Levu Lualemana. As such he has $1/16$ Levu blood in his veins. However, he claims that his blood father Gauta was a Levu. His testimony indicates that Gauta was not recognized as the Levu by the village, but was recognized by the Family. There was much testimony to the effect that Gauta never held the Levu title. Leasiolagi says that Gauta gave the title back and returned to Asu, his home. Leasiolagi never saw his father Gauta and his testimony about Gauta's holding the Levu title is based upon pure hearsay. We

think that the weight of the evidence is to the effect that Gauta never held the Levu title. We find that Leasiolagi has $1/16$ Levu blood in his veins, being the great-great grandson of Levu Lualemana.

Tagata is the grandson of Levu Paoaga. We find that he has $1/4$ Levu blood in his veins.

Mapuilefala Tavete is the grandson of Levu Ufisasa. We find that he has $1/4$ Levu blood in his veins.

Puapuaga L. Vagi is the blood son of Levu Vagi. He has $1/2$ Levu blood in his veins and we so find.

From the foregoing findings it is clear that Puapuaga ranks first on the issue of hereditary right, having $1/2$ Levu blood; that Tagata and Mapuilefala rank second (and equally as between themselves), each having $1/4$ Levu blood; that Leasiolagi ranks third, having $1/16$ Levu blood; and that Faumui ranks fourth having no Levu blood. If there had been a Levu Leo'o and Faumui were his great-great grandson ( as he claimed to be) then Faumui would rank third with $1/16$ blood and on an equality with Leasiolagi. However, as we have said, we think the weight of the evidence is to the effect that there was no Levu Leo'o.

Each of the candidates filed a petition with the Court purporting to be signed by those blood-members of the Levu Family supporting his candidacy. There were 165 signatures on the petition for Faumui, 39 on the petition for Leasiolagi, 224 on the petition for Mapuilefala, 37 on the petition for Puapuaga, and 64 on the petition for Tagata.

It was claimed by Faumui that all of the 165 signers on the petition for him were blood descendants of Levu Leo'o. We have already found from the weight of the evidence that there never was a Levu Leo'o. Leasiolagi testified that 143 of the signers on Faumui's petition were not Levu Family members while Tagata, Mapuilefala and Puapuaga

all testified that 164 of the 165 were not family members. Mapuilefala also testified that Faumui himself was not a blood-member of the family, but only an adopted member.

Leasiolagi claimed that all 39 signers on the petition for him were Levu Family members by blood. Faumui testified that 30 of the 39 had no Levu blood in their veins. Tagata testified that all 39 signers on Leasiolagi's petition were blood-members. Puapuaga testified that 19 were not blood-members. Despite the conflict in the evidence we believe that all of the 39 were blood-members. We think the weight of the evidence is to that effect.

Mapuilefala testified that all of the 224 signers on the petition for him were blood-members. Faumui admitted that 77 of the 224 were blood-members. Leasiolagi testified that 154 on Mapuilefala's petition were not blood-members while Tagata testified that only 15 of the 224 were blood-members. Puapuaga testified that only 30 of the signers on Mapuilefala's petition were blood-members. He said not a single one of the remaining 194 lived on Levu land and that none of the 194 was ever called in to discuss Levu Family matters. We are convinced from the evidence that less than 50 of those on Mapuilefala's petition are real blood-members of the Levu Family.

Leasiolagi, Puapuaga, Tagata and Mapuilefala testified that all of the 64 signers on the petition for Tagata were blood-members of the Levu Family. Faumui admitted that 60 of the 64 were blood-members. The weight of the evidence is clearly to the effect that all of the 64 are blood-members, and we so find.

Puapuaga, Tagata, Leasiolagi and Mapuilefala testified that all of the 37 signers on Puapuaga's petition were blood-members. Faumui admitted that 29 of the 37 were. We believe the weight of the evidence is to the effect that all of the 37 on Puapuaga's petition are blood-members.

We are of the opinion from the evidence that Tagata has more blood-members of the Levu Family supporting his candidacy than any of the other four candidates and we so find. It follows that Tagata prevails over the other four candidates on the issue of the wish of the majority or plurality of the family. In view of our findings on the other issues it is not necessary for us to determine how the other four candidates rank as among themselves on this issue.

The next matter to be considered is the issue of forcefulness, character, personality and capacity for leadership.

Faumui is 54 years old. He finished the sixth grade in school and speaks some English. He was a member of the Fita Fita Guard and Band for 16 years, attaining the rank of seaman 1/c. His work in the Navy was that of a bugler. During the war Faumui worked as a stevedore and also as foreman of a gang of laborers. He has been a pulenuu and at present is a member of the Samoan legislature. He has held the Faumui title since 1936 and has been a choir leader for many years as well as a deacon in his church. Faumui receives retirement pay aggregating $54.31 a month. His son-in-law makes a contribution to him. His pay as a member of the legislature is $150.00 a year. He has a small income from the sale of taro and bananas. He has rendered service to the Levu title. He has held a title in Faganeanea for 20 years and does not live in the Levu Family and has not while holding his title in Faganeanea.

Leasiolagi, 57 years old, finished the sixth grade in school and speaks broken English. He worked for the government for 22 years, mostly as an auto driver. He was a member of the Fono for four years and has held the Leasiolagi title of Asu since 1934. He lives in Nuuuli. Apparently he pays little attention to his duties as a matai in Asu. He has no regular income but receives support from some of his sons in the Armed Forces of the United States, two of his sons being in the Army and two in the Navy.

Leasiolagi has rendered a very substantial amount of service to the Levu title.

Tagata, 53 years old, finished the second grade and then attended a faifeau's school for four or five years. He speaks English well. He has been a lesser matai in the Levu Family for a number of years and lives in the Family. He has held the Tagata title for 10 years. He has rendered a very substantial amount of service to the Levu title. During the war he was a foreman directing the work of 40 laborers. He has been pulenuu of Nuuuli and a pulenuu's policeman. Tagata works on family plantations. He has two sons in the Armed Forces of the United States who make substantial contributions to him.

Mapuilefala, 43 years old, graduated from the 8th grade in Poyer School. He finished the sixth grade in a faifeau's school also. He attended a teachers' institute but did not become a teacher. He worked in the government printing shop for 6 months, was a clerk for the Public Works Department for 3 months, a clerk for the Supply Department from 1931 to 1938. He then followed barbering for 9 years. Since 1948 he has been employed in the Department of Agriculture and is now a special agricultural assistant. He has plantations and 5 acres of cocoa. Mapuilefala receives a salary of $1,144 a year. His son in the U.S. Marines contributes about $40 a month to him. His daughter also gives him some money. He receives about $20 a month from the sale of vegetables from his plantations. He has been a matai 9 years and was recently registered as the Pauiloa of Nuuuli. He teaches a class in agriculture at the Feleti Teacher's Training School. Mapuilefala has served the Levu title.

Puapuaga, 37 years old, completed the fifth grade in the Marist Brothers School. Later he attended the Fagalele School for two years. He speaks English fairly well. For two years during the war he worked as a stevedore. Since

then he has worked on family plantations. He has served the Levu title and lives in the Levu Family. He has no regular income, but gets some money from some of his sisters who have sons serving in the Armed Forces of the United States. He sells produce from his plantations for which he receives approximately $30 a month on the average. This is his only income from his own efforts. In 1940 Puapuaga was sent to jail for 4 months for larceny. In 1941 he was sent to jail for 6 months for stealing a bicycle. In 1945 he was sent to jail for 6 months for assault and battery.

During the course of the three day hearing the judges had an excellent opportunity to observe the personalities of the candidates. It is our opinion from the evidence and what we observed during the hearing that Tagata, Faumui and Mapuilefala rank ahead of the other two candidates on the issue of forcefulness, character, personality and capacity for leadership and that among themselves they are on an equality with respect to this issue; that Leasiolagi ranks second to these three and that Puapuaga, particularly in view of his criminal record, ranks after Leasiolagi.

On the issue of value to the government as the holder of the title we believe from the evidence that among the 5 candidates Tagata ranks first, particularly in view of the fact that he has been a lesser matai in the Levu Family for many years, and is very familiar with family affairs. Faumui has lived away from the Family for 20 years and could not have the familiarity with family affairs that Tagata has. We think from the evidence that Mapuilefala ranks third on this issue while Leasiolagi ranks fourth. We cannot overlook the fact that while Leasiolagi holds a title in Asu he does not live there with his family. We think in view of this fact that he would be more interested in holding the Levu title than in serving the family. In the recent case of *Vaimaona Family of Laulii v. Meafou et al.*, No. 8-1956 (H.C. of Am. S.) we said that "A chief owes duties to the

242

members of his family. He should serve as well as lead his people." A chief who lives away from his family is not primarily concerned with its welfare. He is not serving it to any great extent. Sec. 934 of the Code provides that "Whenever a matai shall live away from his family for a period of six months or more, unless engaged in the performance of the duties of a public office of American Samoa, or shall otherwise neglect to perform the duties of his office of matai" he may be removed as such matai. We believe that Puapuaga ranks fifth with respect to this issue of the value of the holder of the matai name to the Government. He has been in jail three different times. It costs the Government money to keep a man in jail. A man who has had to be sent to jail three different times for crime is not very likely to be of great value to the Government as the holder of a matai title.

We have found that Tagata ranks first among the candidates on the issue of the wish of the majority or plurality of the family and also first on the issue of the value of the holder of the matai name to the Government; that he is on an equality with Mapuilefala with respect to the issue of hereditary right, each having $\frac{1}{4}$ Levu blood in his veins and that Tagata is on an equality with Mapuilefala and Faumui with respect to the issue of forcefulness, character, personality and capacity for leadership; that he ranks ahead of Leasiolagi on the issue of hereditary right, Leasiolagi having only $\frac{1}{16}$ Levu blood and also ahead of Faumui on this same issue, Faumui having no hereditary right. From these findings it is apparent that as between candidates Tagata, Mapuilefala, Faumui and Leasiolagi, Tagata is entitled under Sec. 933, supra, to the title.

That leaves the question as to whether Tagata has a better right to the title than does Puapuaga. We have found that Puapuaga has $\frac{1}{2}$ Levu blood while Tagata has $\frac{1}{4}$, which means that Puapuaga prevails over Tagata on the

issue of hereditary right. However, we have found that Tagata prevails over Puapuaga on the other three issues, which together carry more weight than the issue of hereditary right alone. Hence it follows that as between candidate Tagata and candidate Puapuaga, Tagata is entitled to be registered as the holder of the title. Since we find that as between all 5 candidates Tagata is entitled to be registered as the holder we must so decree. However, Tagata is already the holder of a matai name. We have held many times that the same person cannot hold two matai names at the same time. It follows that Tagata must resign from his present title before he can be registered as the Levu.

### DECREE

Accordingly it is ORDERED, ADJUDGED and DECREED that upon Tagata's filing his resignation from the title Tagata within 15 days, he shall be registered as the holder of the matai title Levu of Nuuuli.

Costs in the sum of $70.00 are hereby assessed against Faumui, Mapuilefala, Leasiolagi and Puapuaga L. Vagi, each of them to pay $17.50. All costs are to be paid within 30 days.